Dennis John **LEWIS** a/k/a **Richard Kennedy, Plaintiff,**

v.

**# 1 GREYHOUND LINES-EAST and # 2 Amalgamated Transit Union, AFL–CIO, Defendants.**

**Civ. A. No. 75–2039.**

United States District Court, District of Columbia, Civil Division.

April 23, 1976.

 

Gregory M. Murad and Stephen Daniel Keeffe, Washington, D. C., for plaintiff.

David W. Rutstein, and Edward R. Levin, Washington, D. C., for Greyhound Lines-East.

David S. Barr, Washington, D. C., for Amalgamated Transit Union.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

This is a suit under the Labor Management Relations Act, 29 U.S.C. § 151 *et seq.* Plaintiff, a former employee of defendant Greyhound Lines-East, is suing his employer for reinstatement and money damages for an allegedly wrongful discharge. Additionally, he sues his union, the Amalgamated Transit Union, AFL–CIO, for allegedly having breached its duty of fair representation during the formalized protest of plaintiff's wrongful discharge. Both defendants have filed motions to dismiss, which bring the matter before the Court.

The facts may be briefly stated. On August 3, 1973, plaintiff was summoned to a supervisor's office. Since he feared that the call was for disciplinary purposes, plaintiff demanded that he be permitted union representation. The request was denied, and later that day plaintiff was told not to return to work until he would agree to meet with his supervisor. For the next three days, plaintiff attempted to contact the union president for guidance, but did not communicate with Greyhound. On August 8, 1973, plaintiff finally met with his supervisor, and was represented by union president Butler during part of the meeting. At that meeting, plaintiff's employment was terminated on the ground that he had abandoned his job.

Thereafter, plaintiff and his union instituted a grievance on the dismissal issue, which was prosecuted through arbitration. At all times plaintiff was represented either by union president Butler or by counsel. Plaintiff claims that even in the face of this representation, the union breached its duty

of fair representation in two respects, hereinafter discussed.

■ It is appropriate at the outset to set forth the general outlines of a union's admitted duty of representation of its members. The union breaches its duty when its conduct toward any member is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). At this preliminary stage of litigation, it is plaintiff's burden to show a threshold level of such ill-motive or arbitrary action to support his claim. *Balowski v. International U., United A., A. & A. Imp. Wkrs.*, 372 F.2d 829 (6th Cir. 1967). Mere conclusory allegations, requiring the Court to infer bad faith from seemingly innocuous facts, are insufficient to meet this standard. *Lusk v. Eastern Products Corp.*, 427 F.2d 705 (4th Cir. 1970).

Plaintiff's first claim of breach is based on union president Butler's assertion that plaintiff was not entitled to representation at the original meeting which the supervisor sought on August 3, 1973, and which took place on August 8, 1973. Butler communicated this position to plaintiff during their first conversation, August 7, 1973, and, as authority, cited an interpretations manual of the collective bargaining agreement. Nevertheless, Butler did participate in the August 8, 1973 meeting with Greyhound, during which plaintiff was discharged.

■ From these actions plaintiff would have us infer that the union did not show good faith in prosecuting the basic grievance of wrongful discharge against Greyhound.[1] To the contrary, the union relied on a formalized set of contract interpretations to determine whether plaintiff had a right to be represented at the disciplinary meeting in early August. Viewing all inferences in a light most favorable to plaintiff, it appears that he has not alleged facts sufficient to support an inference of ill-will or bad faith to state a claim upon which relief can be granted.

■ Plaintiff's second claim of breach is equally unavailing. He asserts that the union led him to believe that an N.L.R.B. action could be filed after arbitration, which induced him to delay a private action beyond the six-month statute of limitations. 29 U.S.C. § 160(b). Both this and the refusal of the union to file an N.L.R.B. action on his behalf, plaintiff argues, is suggestive of bad faith on the union's part.

■ The union is not required to advance every grievance of its members. It is accorded wide latitude in determining which disputes have merit and are deserving of union sponsorship. *Vaca v. Sipes, supra.* Thus, the mere recital that the union exercised its discretion does not, of itself, suggest hostile motive.

Moreover, undisputed facts in plaintiff's affidavit support an inference that the union had no desire to prejudice plaintiff's rights. The union made full disclosure of their intention to challenge only the wrongful discharge, and not the representation issue. Rather than attempting to lull plaintiff into a false sense of security, this notice ensured that plaintiff would take steps on his own to remedy the representation issue. That plaintiff failed to initiate such action should not now support a claim against the union. Plaintiff's claim against the union is without merit.

■ With respect to the claim against his employer, plaintiff's action against Greyhound for wrongful discharge has already been arbitrated, pursuant to the collective bargaining contract. The arbiter, in a proceeding at which plaintiff was fully represented by the defendant union, decid-

---

1. Plaintiff argues that union president Butler acted in complete disregard of the applicable law of unfair labor practices. In support of that claim he cites two 1975 decisions of the United States Supreme Court, *N.L.R.B. v. Weingarten*, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171, and *International Ladies Garment Workers' Union v. Quality Manufacturing Company*, 420 U.S. 276, 95 S.Ct. 972, 43 L.Ed.2d 189. The acts now at issue, however, occurred in 1973.

ed that plaintiff's claim of wrongful discharge was groundless. It is well settled that when arbitration is the exclusive grievance mechanism provided by the collective bargaining contract, as was the case here, unless plaintiff can show that union activity undermined the integrity of the arbitration proceeding, or that the arbiter acted outside the scope of the contract, the courts should not review the merits of that decision. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Here, the union at all times met its obligation of representation, and the arbiter, having jurisdiction, correctly decided adversely to the plaintiff the question of whether plaintiff had abandoned his job.

Accordingly, it is this 23rd day of April, 1976,

ORDERED, that the motions to dismiss of defendants Greyhound Lines-East and Amalgamated Transit Union, be and the same hereby are granted, and the complaint is dismissed.